JUMP TO DOCKET TABLE

# U.S. District Court
# District of Maryland (Baltimore)
# CRIMINAL DOCKET FOR CASE #: 1:24−mj−00178−ADC−1

| | |
|---|---|
| Case title: USA v. Charleron | Date Filed: 01/22/2024 |

Other court case number: 24−MJ−10022 U.S. District Court – District of New Jersey

Assigned to: Magistrate Judge A. David Copperthite

### Defendant (1)

**Chouby Charleron**

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| None | |

### Plaintiff

**USA**
Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 01/22/2024 | 1 | Rule 5(c)(3) Documents Received from the District of New Jersey as to Chouby Charleron (Attachments: # 1 Attachment : Arrest Warrant, # 2 Attachment : Sealing Order)(td4s, Deputy Clerk) (Entered: 01/22/2024) |

| 01/22/2024 |   | ORAL ORDER to Unseal Case as to Chouby Charleron issued by Magistrate Judge A. David Copperthite on 1/22/2024. (td4s, Deputy Clerk) (Entered: 01/22/2024) |
|---|---|---|
| 01/22/2024 | 2 | Initial Appearance in Rule 5(c)(3) Proceedings as to Chouby Charleron held on 1/22/2024 before Magistrate Judge A. David Copperthite.(FTR Gold; Telita Davis, Courtroom 7B.) (td4s, Deputy Clerk) (Entered: 01/22/2024) |
| 01/22/2024 | 3 | CJA 23 Financial Affidavit by Chouby Charleron (td4s, Deputy Clerk) (Entered: 01/22/2024) |
| 01/22/2024 | 4 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Chouby Charleron. Signed by Magistrate Judge A. David Copperthite on 1/22/2024. (td4s, Deputy Clerk) (Entered: 01/22/2024) |
| 01/22/2024 | 5 | WAIVER of Rule 5(c)(3) Hearing by Chouby Charleron(td4s, Deputy Clerk) (Entered: 01/22/2024) |
| 01/22/2024 | 6 | ORDER Setting Conditions of Release as to Chouby Charleron. Signed by Magistrate Judge A. David Copperthite on 1/22/2024. (td4s, Deputy Clerk) (Entered: 01/22/2024) |
| 01/22/2024 | 7 | ORDER pursuant to Fed R Crim P 5(f) and the Due Process Protections Act as to Chouby Charleron. Signed by Magistrate Judge A. David Copperthite on 1/22/2024. (td4s, Deputy Clerk) (Entered: 01/22/2024) |

✓ FILED ___ ENTERED
___ LOGGED ___ RECEIVED
11:58 am, Jan 22 2024
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ Deputy

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael A. Hammer |
| | : | |
| v. | : | Mag. No. 24-10022 |
| | : | |
| CHOUBY CHARLERON | : | **CRIMINAL COMPLAINT** |
| | : | |
| | : | **FILED UNDER SEAL** |

I, Brian Macdonald, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am an Inspector with the United States Postal Inspection Service, and that this Complaint is based on the following facts:

### SEE ATTACHMENT B

Continued on the attached pages and made a part hereof.

      /s/ Brian Macdonald
      Brian Macdonald
      Postal Inspector
      U.S. Postal Inspection Service

Postal Inspector Macdonald attested to this Complaint by telephone pursuant to F.R.C.P. 4.1(B)(2)(A) on this 19th day of January, 2024.

HONORABLE MICHAEL A. HAMMER      /s/ Hon. Michael A. Hammer
UNITED STATES MAGISTRATE JUDGE      Signature of Judicial Officer

# ATTACHMENT A
**(Wire Fraud Conspiracy)**

From in or around February 2020 to on or about May 5, 2023, in the District of New Jersey and elsewhere, the defendant,

**CHOUBY CHARLERON,**

did knowingly and intentionally conspire with others to knowingly and intentionally devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing and attempting to execute such scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, the following writings, signs, signals, pictures, and sounds, contrary to Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Section 1349.

## ATTACHMENT B

I, Brian Macdonald, am a Postal Inspector with the United States Postal Inspector Service. The information contained in the Complaint is based upon my personal knowledge, as well as information obtained from other sources, including: (a) statements made or reported by various witnesses with knowledge of relevant facts; (b) my review of publicly available information; and (c) my review of evidence, including bank records, IP address information, and other documents. Because this Complaint is being submitted for a limited purpose, I have not set forth every fact that I know concerning this investigation. Where the contents of documents and the actions and statements of others are reported, they are reported in substance and in part, except where otherwise indicated. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

### Overview

1. The defendant, Chouby Charleron ("CHARLERON"), accessed and obtained the personal identifying information ("PII") of unwitting individuals ("victims") and then sold that PII to a network of co-conspirators whom he knew would thereafter use the PII to, among other things, activate credit cards issued in the names of those victims and fraudulently use those credit cards. CHARLERON sent the PII to his co-conspirators through interstate wires using a web-based encrypted messaging application (the "Application"). The investigation has further shown that at least one of those co-conspirators ("Co-Conspirator 1") thereafter used the PII purchased from CHARLERON to activate credit cards in the names of multiple victims that Co-Conspirator 1 then used to make unauthorized purchases that resulted in a loss to multiple financial institutions of approximately $90,030.

### The Scheme

2. From in or round February 2020 through on or about May 5, 2023, CHARLERON, using "The Real Jwet King" as his username over the Application, sold the PII, including social security numbers, of approximately 5,050 victims, including at least one victim in the District of New Jersey, to approximately 18 different co-conspirators, including at least one who operated in the District of New Jersey. Specifically, CHARLERON was the administrator of a chat group on the Application called "TLO LOOK UPS," which had as many as 799 members.[1]

3. As part of the scheme, a co-conspirator would send CHARLERON the name and address of a potential victim using the Application. The co-conspirator would then send CHARLERON approximately $25 in Bitcoin or currency by using a

---

[1] Based on my training and experience, I know that TLO is a database that can be accessed to look up PII.

mobile payment application. Once CHARLERON received the payment, he would provide the requested PII to the co-conspirator over the Application.

4. For example, on or about March 9, 2022, Co-Conspirator 1 sent CHARLERON a list of five names and addresses via the Application. On or about March 10, 2022, Co-Conspirator 1 sent CHARLERON a message confirming that Co-Conspirator 1 had made a payment via Bitcoin to CHARLERON in the amount of $119.64. Approximately three minutes later, CHARLERON sent Co-Conspirator 1 the PII for the five names that Co-Conspirator 1 had requested the previous day. That PII included the individuals' dates of birth, social security numbers, and phone numbers. Co-Conspirator 1 then used and attempted to use the PII to activate credit cards in the name of those five victims. For at least one of those victims, Co-Conspirator 1 successfully activated the victim's credit card by using the PII to pose as the victim during a telephone call with the victim's bank. After activating the credit card, Co-Conspirator 1 then made unauthorized charges on that credit card at various retail locations in New Jersey.

5. Based on a review of financial and other relevant records, from approximately on or about July 14, 2021 through on or about May 9, 2022, Co-Conspirator 1 activated and used the credit cards of multiple victims to make approximately $90,030 in unauthorized charges. The investigation has shown that Co-Conspirator 1 purchased the PII of at least 80 of those victims from CHARLERON, with CHARLERON sending that PII to Co-Conspirator 1 over the Application.

6. CHARLERON communicated with his co-conspirators in a chat group on the Application called "TLO LOOK UPS" and offered discounts to those purchasing PII in larger quantities. For example, on or about August 24, 2022, CHARLERON sent a message to the members of the chat group about a "Bulk Deal" pursuant to which CHARLERON offered "3 for 100 TLO REPORT DL# INCLUDED" meaning the PII of three individuals in exchange for $100. This price was higher than the $25 that CHARLERON normally charged because it included the "DL," or driver's license number of the victim. Approximately one week later, on or about September 1, 2022, CHARLERON offered a "HAPPY HOUR" deal to the chat group, which included "$20 LOOK UPS DL NOT INCLUDED. . . ."

7. CHARLERON sold PII with the knowledge that his co-conspirators thereafter used and attempted to use the PII to defraud and attempt to defraud the victims associated with that PII and financial institutions used by those victims. For example, on or about June 29, 2020, Co-Conspirator 1 sent a request for an intended victim's PII to CHARLERON over the Application. Included in the request was a photograph of an envelope addressed to Co-Conspirator 1's intended victim, sent by a financial institution. The envelope appears to alert the victim that their credit card had arrived. Based on my training and experience and the investigation to date, I

believe that Co-Conspirator 1 was asking CHARLERON for the PII of someone whose financial institution had just sent a yet-to-be-activated credit card.

8. On or about July 29, 2020, Co-Conspirator 1 requested PII from CHARLERON for an intended victim from Clifton, New Jersey. Co-Conspirator 1 again sent a photograph of an envelope addressed to that intended victim, which pertained to a yet-to-be-activated credit card. Less than an hour later, CHARLERON sent Co-Conspirator 1 the PII of this individual.

9. On or about November 26, 2022, an individual ("Co-Conspirator 2") purchased the PII of two victims from CHARLERON for approximately $75. After making the payment to CHARLERON, Co-Conspirator 2 urged CHARLERON to provide the PII quickly, explaining that "[b]anks close in 28 min." CHARLERON sent the PII to Co-Conspirator 2 approximately 21 minutes later.

10. A review of records associated with searches for PII done by CHARLERON on behalf of his co-conspirators came back to IP addresses associated with CHARLERON's residences in Baltimore and Laurel, Maryland.

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

☑ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

11:56 am, Jan 22 2024
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ Deputy

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Chouby Charleron | ) | Case No. 24-10022 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant* | | |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* Chouby Charleron,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☑ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

Conspiracy to Commit Wire Fraud, 18 United States Code 1349

Date: 01/19/2024

/s/ Michael A. Hammer
*Issuing officer's signature*

City and state: Newark, New Jersey

Hon. Michael A. Hammer, U.S.M.J.
*Printed name and title*

---

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

Case 1:24-mj-00178-ADC   Document 3-2   Filed 01/22/24   Page 1 of 1
Case 1:24-mj-00178-ADC   Document 3-2   Filed 01/22/24   Page 9 of 17

✓ FILED    ___ ENTERED
___ LOGGED    ___ RECEIVED

11:57 am, Jan 22 2024
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____Deputy

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael A. Hammer |
| v. | : | Mag. No. 24-10022 |
| CHOUBY CHARLERON | : | **SEALING ORDER** |

This matter having been brought before the Court upon application of Philip R. Sellinger, the United States Attorney for the District of New Jersey (James H. Graham, Assistant United States Attorney, appearing), for an order sealing the Complaint and Arrest Warrant issued on this date against the above-named defendant, and for good cause shown,

IT IS on this 19th day of January, 2024,

ORDERED that, except for such copies of the Arrest Warrant as are necessary to accomplish its purpose, the Complaint, Arrest Warrant, and this Order be and hereby are SEALED until the Arrest Warrant is executed or until further order of the Court.  IT IS FURTHER ORDERED that, once the Arrest Warrant is executed that the Complaint, Arrest Warrant, and this Order be and hereby are unsealed.

/s/ Michael A. Hammer_____
HONORABLE MICHAEL A. HAMMER
UNITED STATES MAGISTRATE JUDGE

```
MIME-Version:1.0
From:MDD_CM-ECF_Filing@mdd.uscourts.gov
To:MDDdb_ECF@mdd.uscourts.gov
Bcc:
--Case Participants:
--Non Case Participants:
--No Notice Sent:

Message-Id:11871553@mdd.uscourts.gov
Subject:Activity in Case 1:24-mj-00178-ADC USA v. Charleron Oral Order
```
Content–Type: text/html

# U.S. District Court

## District of Maryland

### Notice of Electronic Filing

The following transaction was entered on 1/22/2024 at 2:54 PM EST and filed on 1/22/2024

**Case Name:**           USA v. Charleron
**Case Number:**         1:24–mj–00178–ADC
**Filer:**
**Document Number:**  No document attached

**Docket Text:**
 **ORAL ORDER granting Oral Motion by USA to Unseal Case as to Chouby Charleron. Signed by Magistrate Judge A. David Copperthite on 1/22/2024. (td4s, Deputy Clerk)**


**1:24–mj–00178–ADC–1 Notice has been electronically mailed to:**

**1:24–mj–00178–ADC–1 Notice will not be electronically delivered to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED ___ ENTERED
LOGGED ___ RECEIVED

JAN 2 2 2024

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

UNITED STATES OF AMERICA

v.

CHOUBY CHARLERON

Case No. 24-MJ-0178-ADC

\* \* \* \* \* \*

### ORDER APPOINTING FEDERAL PUBLIC DEFENDER

The above named Defendant having been found to be indigent and entitled to appointment of counsel under the Criminal Justice Act, and the government having proffered that they know of no conflict precluding appointment of the Public Defender,

IT IS ORDERED this 22nd day of January, 2024, that the Federal Public Defender for the District of Maryland is appointed to represent the above named Defendant.

_____
A. David Copperthite
United States Magistrate Judge

U.S. District Court (4/2000) Criminal Magistrate Forms: Appointing Counsel

AO 466A (Rev. 12/09; MD 02/10) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
District of Maryland

___ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

JAN 2 2 2024

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 24-MJ-0178-ADC |
| | ) | |
| CHOUBY CHARLERON | ) | Charging District's Case No. 24-MJ-10022 |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* District of New Jersey

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5) a hearing on any motion by the government for detention;

(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒ an identity hearing and production of the warrant.

☐ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: January 22, 2024

X *Chouby Charleron*
*Defendant's signature*

*Courtney D. Fran—*
*Signature of defendant's attorney*

*Courtney D. Francik*
*Printed name of defendant's attorney*

12

# UNITED STATES DISTRICT COURT

for the
District of Maryland

United States of America )
v. )
) Case No. 24-MJ-0178-ADC ³ʸ
CHOUBY CHARLERON )
Defendant )

_____ FILED  _____ ENTERED
_____ LOGGED  _____ RECEIVED

JAN 2 2 2024

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

_____ DEPUTY

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate any federal, state or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 34 U.S.C. § 40702.

(3) The defendant's residence must be approved by the U.S. Pretrial Services Officer (USPTO) supervising the defendant's release and the defendant must advise the court, defense counsel, and the U.S. attorney in writing before any change in address or telephone number.

(4) The defendant must appear in court as required and must surrender to serve any sentence imposed

The defendant must appear at (if blank, to be notified) U.S. District Court, District of
New Jersey, MLK Bldg       Place
50 Walnut St.    on    Tuesday January 23, 2024 by
Newark, NJ, 07102              2pm.
                                Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released on condition that:

☑ (5) The defendant promises to appear in court as required and surrender to serve any sentence imposed.
☐ (6) The defendant executes an unsecured bond binding the defendant to pay to the United States the sum of
_____ dollars ($ _____ )
in the event of a failure to appear as required or surrender to serve any sentence imposed.

### ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

☐ (7) The defendant is placed in the custody of (name of person or organization): _____
at an address approved by the Pretrial Services Office.
The defendant must not change that address without advance approval by the Pretrial Services Office who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed: _____    _____    _____
Custodian or Proxy                         Date                                  Tel. No (only if above is an organization)

13

☑ (8) The defendant must:
- ☐ (a) report to the _____
     telephone number _____ no later than _____
- ☑ (b) report on a regular basis to the supervising officer. The defendant shall promptly obey all reasonable directions and instructions of the supervising officer.
- ☐ (c) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
- ☐ (d) post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum
- ☐ (e) execute a bail bond with solvent sureties in the _____
- ☐ (f) maintain or actively seek employment as approved by the U.S. Pretrial Services Officer.
- ☐ (g) maintain or commence an education program.
- ☑ (h) surrender any passport to: Clerk U.S. District Court - District of New Jersey
- ☑ (i) obtain no passport.
- ☐ (j) abide by the following restrictions on personal association, place of abode, or travel: Travel restricted to Maryland and New Jersey
- ☑ (k) avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: Co-conspirators or persons identified by government
- ☑ (l) undergo medical or psychiatric treatment: if recommended by Pretrial Services
- ☐ (m) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
- ☐ (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
- ☑ (o) refrain from ☑ any ☐ excessive use of alcohol.
- ☑ (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
- ☑ (q) submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.
- ☑ (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable.
- ☐ (s) participate in one of the following location restriction programs and comply with its requirements as directed.
    - ☐ (i) **Curfew.** You are restricted to your residence every day (☐) from _____ to _____, or (☐) as directed by the pretrial services office or supervising officer;
    - ☐ (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or
    - ☐ (iii) **Home Confinement.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities, attorney visits, court appearances, or other activities specifically approved by the court; or
    - ☐ (iv) **Stand Alone Monitoring.** You have no residential curfew, home detention, or home confinement restrictions. However, you must comply with the location or travel restrictions as imposed by the court.
    - ☐ (v) **Other.** _____
- (t) submit to the following location monitoring technology and comply with its requirements as directed:
    - ☐ (i) Location monitoring technology as directed by the pretrial services or supervising officer; or
    - ☐ (ii) Voice Recognition/Virtual Monitoring; or
    - ☐ (iii) Radio Frequency; or
    - ☐ (iv) GPS.
- ☐ (u) pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

14

☐ (v) Refrain from the use of computer systems, Internet-capable devices and/or similar electronic devices at any location (including employment or educational program) without the prior written approval of the U.S. Probation or Pretrial Services Officer. The defendant shall cooperate with the U.S. Probation and Pretrial Services Office monitoring of compliance with this condition. Cooperation shall include, but not be limited to, participating in a Computer & Internet Monitoring Program, identifying computer systems, Internet-capable devices and/or similar electronic devices the defendant has access to, allowing the installation of monitoring software/hardware at the defendant's expense, and permitting random, unannounced examinations of computer systems, Internet-capable devices and similar electronic devices under the defendant's control.

☒ (w) Defendant may not open any financial accounts unless approved by Pretrial Services.

☒ (x) Defendant may not possess any other person's personal identifying information.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

    Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

    While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

    It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

    If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more - you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years - you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony - you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor - you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

    I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

X _Chouby Charleron_
*Defendant's Signature*

X _Federalsburg    MD_
*City and State*

### Directions to the United States Marshal

[X] The defendant is ORDERED released after processing.
[ ] The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: January 22, 2024

_/s/ A. David Copperthite_
*Judicial Officer's Signature*

A. David Copperthite, United States Magistrate Judge
*Printed name and title*

16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.                              Criminal No. 24-MJ-0178-ADC

**CHOUBY CHARLERON**
**Defendant.**

### ORDER PURSUANT TO Fed R. Crim. P. 5(f)

As amended on October 21, 2020, Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116–182, 134 Stat. 894 (Oct. 21, 2020) require that:

"In all criminal proceedings, on the first scheduled court date when both prosecutor and defense counsel are present, the judge shall issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such an order under applicable law."

Accordingly, the Court ORDERS the United States to adhere to the disclosure obligations set forth in *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. *Brady v. Maryland* instructs that "the suppression by the prosecution of evidence favorable to an accused" violates due process where the evidence is "material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. Failure to adhere to this requirement in a timely manner may result in serious consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, vacating a conviction, or disciplinary action against the prosecution.

Having given counsel the oral admonition required by the Due Process Protections Act, the United States is ordered to produce in a timely manner all exculpatory evidence to the defendant pursuant to *Brady v. Maryland* and its progeny. Not doing so may result in the imposition of the sanctions referenced in this Order.

It is SO ORDERED.

Date: January 22, 2024

A. David Copperthite
United States Magistrate Judge

17